PETER T. WRIGHT, Receiver for NATIONAL REAL ESTATE TRUST COMPANY, a corporation existing under the laws of the State of Delaware, *vs.* MUSA K. BRANCH and JOHN A. BRANCH, mortgagors.

1. MORTGAGES—FORECLOSURE SALE—INADEQUACY OF PRICE.

A foreclosure sale, regularly and fairly made, will not be set aside for inadequacy of price, unless the inadequacy is so great as to shock the conscience of the court.

2. MORTGAGES—FORECLOSURE SALE—INADEQUACY OF PRICE.

Where property sold at foreclosure sale for eight hundred dollars, and the evidence showed it to be worth from one thousand to two thousand dollars, the inadequacy of price was insufficient to defeat the confirmation.

(*January* 30, 1914.)

PENNEWILL, C. J., and WOOLLEY, J., sitting.

*Armon D. Chaytor, Jr.*, for the rule.

*Harry Emmons contra.*

Superior Court, New Castle County, January Term, 1914.

RULE by Peter T. Wright, receiver for the National Real Estate Trust Company, against Musa K. Branch and another to show cause why sheriff's sale should not be set aside, discharged. The facts appear in the opinion of the court.

PENNEWILL, C. J., delivering the opinion of the court:

The court are asked to set aside the sheriff's sale, made in the above-stated case, on the ground that the price for which the property was sold is grossly inadequate. That is the only exception.

The sum for which the property was sold by the sheriff was eight hundred dollars, and the testimony of the petitioner's witnesses was to the effect that the property was worth from eighteen hundred to two thousand dollars.

According to the testimony given by witnesses for the purchaser the property was reasonably worth from one thousand to twelve hundred dollars; and such was the judgment of a witness who owned an adjoining property, and who was especially familiar with the property sold, as well as the conditions surrounding it.

It is not contended that there was any irregularity in the sale or the proceedings leading up to it. Neither is it shown that any one was prevented from attending the sale and becoming a bidder if he desired to do so. And there is nothing in the evidence to satisfy the court, or even to indicate a probability that any one would be willing to give more for the property at another sale than it sold for.

[1] The law governing a case like this one is well settled, and it is that a sale regularly and fairly made will not be set aside for mere inadequacy of price. That alone will not suffice unless the inadequacy is so great as to shock the conscience of the court.

[2] After considering all the testimony in this case we have reached the conclusion that even if the price for which the property was sold by the sheriff was inadequate it was such inadequacy as the law deems insufficient to defeat the confirmation of the sale, and not so grossly inadequate or of such character as to shock the conscience of the court.

The rule is discharged.